IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PANORAMIC STOCK IMAGES, LTD., d/b/a PANORAMIC IMAGES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN WILEY & SONS, INC.<br><br>　　　　　Defendant. | CASE NO. 1:12-cv-10003<br><br>Hon. Judge Gary Feinerman<br>Magistrate Judge Daniel G. Martin<br><br>**DEFENDANT'S PARTIAL MOTION TO DISMISS** |

Defendant John Wiley & Sons, Inc. ("Wiley") respectfully moves, pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing those claims in the Complaint ("Complaint" or "Compl.") filed by Plaintiff Panoramic Stock Images, Ltd. ("Panoramic") that are subject to an arbitration agreement binding on the parties, and separately under Rule 12(b)(6) to dismiss those claims that rely on defective or unissued copyright registrations in violation of the conditions precedent for instituting a suit for copyright infringement as set forth in 17 U.S.C. § 411(a) of the Copyright Act.[1]

## INTRODUCTION

This civil action asserts claims for copyright infringement and fraud arising from Wiley's alleged use of certain photos in various textbooks and trade books. These theories of liability turn upon conclusory allegations that Wiley has exceeded limitations set forth in invoices issued to Wiley either by Panoramic or by a third-party stock photography agency, Getty Images

---

[1] Wiley was served with the Complaint on December 18, 2012. The parties stipulated to an extension of Wiley's deadline to answer or otherwise respond.

{00589162;v4}

("Getty"). In either case, Panoramic contends that Wiley is liable for damages and injunctive relief based on the terms of the invoice documents relevant to the transactions concerning the photos at issue.

In connection with the Getty invoices, however, Wiley's master agreements with Getty for the relevant time periods each contain arbitration clauses that require any disputes relating to those transactions be decided by an arbitration. As a result, because Panoramic's claims depend on and arise out of the terms of the Getty invoices and the controlling master agreements, these claims are not properly venued in this Court, and they must be dismissed in favor of arbitration.

As for the remaining claims that are not subject to arbitration, certain of those claims fail to state a basis upon which relief may be granted because they depend on copyright registrations that are defective as a matter of law, either because the cited registrations fail to comply with explicit registration requirements under the Copyright Act, or because no registration has yet been issued with only unissued applications for registration currently pending before the Copyright Office. In light of the fundamental statutory mandate that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with [the Copyright Act]," 17 U.S.C. § 411(a), those claims too should be dismissed.

## FACTUAL BACKGROUND

Panoramic Stock Images Ltd. is a stock photography licensing agency that purports to own copyrights in various photographs created by a multitude of individual photographers. Panoramic is located in Evanston, Illinois. Wiley is a New York corporation based in Hoboken, New Jersey, that publishes and sells textbooks and trade books throughout the United States and overseas. (Compl. ¶¶ 1-2.)

{00589162;v4} 2

Running from 1998 to 2010,[2] Panoramic Images and Getty issued invoices to Wiley which granted permission for Wiley to copy and distribute various images taken by third-party photographers ("Images"). (Compl. ¶ 7.) Panoramic alleges that Wiley exceeded the terms in those invoices and thereby engaged in allegedly unauthorized copying and distribution of the Images. (Compl. ¶ 11.) Panoramic has asserted in its claim chart accompanying the Complaint, in "Exhibit 1," that there are 18 unique photographs by 18 different photographers at issue in its 20 claims of alleged infringement. (Compl., Ex. 1).

Some eight[3] of those infringement claims arise from Getty invoices which each fall under the terms of one or another of the master agreements entered into by Getty and Wiley for the time periods encompassing the invoices. (*See* Declaration of Ashima Aggarwal, attached hereto as **Exhibit A**, verifying copies of the Getty-Wiley master agreements covering transactions from 2006 to 2010[4]: Ex. **A-1**, "Getty Images' Master License Agreement," effective May 1, 2006, Ex.

---

[2] The Complaint's first claim – in Row 1 of the claim chart attached as "Exhibit 1" to the Complaint – alleges an invoice issued by Panoramic on July 12, 1992 in connection with the title *Futures, Options and Swaps*, by Robert Kolb. This title, however, was not published by Wiley, and Wiley has no record of the transaction identified in the Complaint. As a result, Wiley has no basis to believe the truth of the Complaint's allegation that the parties' licensing relationship began in 1992. (*See* Compl. ¶ 7.)

[3] The eight claims affected by the Getty-Wiley arbitration agreements are at Rows 12, 13, 14, 16, 17, 18, 19, and 20 of Exhibit 1 to the Complaint. Each of these claims is based on a Getty invoice that is in turn subject to a Getty-Wiley master agreement that contains an arbitration clause. A ninth infringement claim – at Row 10 – is subject to an earlier Getty-Wiley master agreement that does not contain an arbitration clause. (*See* Aggarwal Decl. ¶ 7.)

[4] The copies of the Getty-Wiley master agreements attached with this motion are properly considered by the Court under Rule 12(b)(3) because they set out the controlling venue provisions for the claims asserted by the plaintiff arising from the Getty invoices. *See Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc..*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). Additionally, these agreements also are properly considered under Rule 12(b)(6) because they are central to Panoramic's claims concerning the Getty invoices. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

**A-2**, "Getty Images' Master License Agreement," effective June 30, 2010, and Ex. **A-3**[5], "Amendment to Getty Images' Master License Agreement," made as of May 1, 2012 and modifying the parties' June 30, 2010 agreement.) The 2006 and amended 2010 master agreements covered each of the eight Getty invoices at issue here. (*See* Aggarwal Decl., ¶¶ 2-6, Exs. A-1, A-2, and A-3.) Each of those master agreements contain arbitration clauses requiring arbitration for any disputes arising under invoices issued under those master agreements. (*See* Ex. A-1, § 13.2; Ex. A-3, § 6 (modifying § 8.5 of the 2010 agreement).)

In connection with its copyright claims, Panoramic asserts that the copyrights in the Images have either already been registered with the United States Copyright Office or are the subject of applications for registration that have been submitted to the Copyright Office. (Compl. ¶ 6). However, as is evident from Exhibit 1, nine of Panoramic's claims, encompassing eight photos, have been pleaded based upon pending applications, rather than issued registrations. (Compl., Ex. 1, Rows 1, 7, 8, 11, 14, 15, 16, 17, and 19.) Separately, another seven claims, encompassing six photos, rely upon group registrations for scores of unidentified photos. (Compl., Ex. 1, Rows 2, 4, 5, 6, 12, 13, and 18; *see also* **Exhibit B**, showing copies of U.S. Copyright Registration Nos. VA841-131, VA957-800, and VA1-002-221.[6])

---

[5] The copy of the 2012 amendment attached as Exhibit A-3 to the Aggarwal Declaration has been redacted to omit unrelated, confidential business terms that are not germane to the arbitration clause. To the extent the Court, or the plaintiff, wish to review the redacted portions of the 2012 amendment, Wiley will be happy to provide an unredacted copy pursuant to a protective order.

[6] The copyright registration forms attached as Exhibit B with this motion are public records published by the Copyright Office on its website, available at www.copyright.gov, and as such may properly be considered under Rule 12(b)(6). *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

**ARGUMENT**

I. **PANORAMIC'S CLAIMS BASED ON GETTY INVOICES ARE SUBJECT TO THE GETTY-WILEY ARBITRATION AGREEMENT**

The Federal Arbitration Act ("FAA") provides that "an agreement in writing to submit to arbitration an existing controversy…shall be valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. Both the FAA and judicial interpretations of it in this Circuit reflect a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983); *Progressive Packaging Corp. v. Russell Stover Candies, Inc.*, No. 09 Civ. 3426, 2009 WL 3335549, at *3 (N.D. Ill. Oct. 15, 2009). Eight claims in the Complaint are based on photographs licensed to Wiley by Getty through invoices that are subject to the Getty-Wiley master agreements attached here. (Compl., Ex. 1, Rows 12, 13, 14, 16, 17, 18, 19, and 20; *see also* Exs. A-1 and A-2.)

These Getty invoices are subject the following contractual provisions from the 2006 and the amended 2010 agreements, specifying arbitration for "any dispute arising from" the parties;' agreement:

> **2006 Agreement:**
>
> 13.2  Governing Law.  This Agreement will be governed in all respects by the laws of the State of New York, U.S.A., without reference to its laws relating to conflict of laws. Any disputes arising from this Agreement or its enforceability shall be settled by binding arbitration to be held in either Seattle, Washington; New York, New York; London, England; Paris, France; or Singapore.

(Ex. A-1.)

> **Amended 2010 Agreement:**
>
> 8.5  Governing Law; Dispute Resolution.  This Agreement shall be subject to and construed in accordance with the laws of the state of New York, without application of its conflicts or choice of law rules, regardless of its place of negotiation, execution or

> performance. If any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof (each, a "Dispute") arises between the parties, the parties shall attempt to settle such Dispute in the first instance by mutual negotiation. If such Dispute has not be resolved by negotiation within thirty (30) days, the Dispute shall be determined by arbitration in New York, New York before one arbitrator.

(Ex. A-3.)

Where an arbitration clause is broad, as are the two at issue here, "there is a presumption in favor of arbitrability." *AT&T Techs., Inc. v. CWA*, 475 U.S. 643, 650 (1986); *United Steel v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008) (same). Moreover, it is well-settled that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998) ("[O]nce it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration."); *United Steel*, 531 F.3d at 536 (courts will "compel arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute') (internal citations omitted); *McIntyre v. Household Bank*, 216 F. Supp. 2d 719, 722 (N.D. Ill. 2002) ("Courts must observe the strong federal policy favoring arbitration by liberally and broadly construing contractual language concerning the scope of arbitral issues and resolving all doubts as to coverage in favor of arbitration.").

Only "the most forceful evidence of a purpose to exclude the claim from arbitration" can rebut the presumption in favor of arbitration. *AT&T Techs.*, 475 U.S. at 650; *Exelon Generation Co., LLC v. Local 15, IBEW*, 540 F.3d 640, 646 (7th Cir. 2008) (same). And in this context, courts routinely dismiss claims that are properly subject to arbitration clauses. *Cont'l Cas. Corp. v. Am. Nat'l Ins. Co.*, No. 02 Civ. 6607, 2004 WL 406821, at *4 (N.D. Ill. Feb. 13, 2004)

(dismissing claims subject to arbitration clause "in light of the strong policies favoring arbitration created by Congress, the Supreme Court and the Seventh Circuit"), *aff'd*, 417 F.3d 727 (7th Cir. 2005); *Murphy v. CBS Radio E., Inc.,* No. 10 Civ. 4403, 2010 WL 4340212 (N.D. Ill. Oct. 21, 2010) (dismissing claims subject to arbitration clause because the limited grounds to defeat an arbitration clause were not satisfied).

Panoramic cannot challenge the plain application of the Getty-Wiley master agreements here because it is precisely the terms of the contractual obligations between Getty and Wiley that Panoramic now asserts were violated and which Panoramic contends give rise to its copyright claims.  The master agreements' plain language imposes arbitration as the sole venue for the resolution of "***any disputes***" arising from or relating to the parties' transaction, and does not specify or delineate any exceptions or carve-outs from that straight-forward mandate.  *See Cont'l Cas. Corp,* 2004 WL 406821 at *4 (holding that where there are "no limitations or exceptions to the broad language covering 'any dispute' in the arbitration clause that would delimit the breadth of issues required to be arbitrated," "the court is to give such clauses their effect."); *Progressive Packaging Corp.,* 2009 WL 3335549, at *3 (holding that where "the arbitration clause is enforceable, that clause governs all disputes arising from that contract."); *see also Cole v. Pearson Educ. Inc.*, No. 10 Civ. 7523(JFK)(RLE), 2011 WL 4483760, at *6 (S.D.N.Y. Sept. 28 2011) ("Defendant licensed all of the works claimed by the Plaintiff to have been infringed, and any dispute about the publication of the licensed photographs is a 'dispute in connection' with the license agreements."); *Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090, 2012 WL 3133520, at *9 (S.D.N.Y. Aug. 1, 2012) ("Where an arbitration clause in a copyright license agreement requires the parties to arbitrate 'any' claim or dispute relating to or arising 'in

connection with' the parties' agreement, such a clause should be interpreted to require arbitration of copyright claims relating to the licensed works.).

Panoramic is bound by the Getty-Wiley arbitration agreement because Panoramic's claims necessarily depend on the Getty-Wiley transactions. Panoramic authorized Getty as its agent to enter into the licensing arrangements with Wiley, and indeed, Panoramic is a beneficiary of the Getty-Wiley dealings, at least with regard to the at-issue photos. *See, e.g.*, *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (holding that a non-party to a forum-selection clause will nevertheless be bounds by the clause where the party is "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound."); *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984) (holding that a forum-selection clause is binding on a non-signatory who is a beneficiary of the underlying agreement); *see also Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1433 (N.D. Cal. 1997) (holding that copyright claims which depend on interpretation of a contract are controlled by the forum-selection clause in that contract); *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, No. 2:10 Civ. 02991(JHN)(JCG), 2010 WL 5154136, at *3 & n.3 (C.D. Cal. Aug. 12, 2010) (same), *appeal dismissed*, 673 F.3d 1267 (9th Cir. 2012).

Thus, in keeping with the law of this Circuit and the strong public policy counseling in favor of arbitration, Plaintiff's claims based on Getty invoices controlled by the 2006 or amended 2010 Getty-Wiley master agreements are constrained by the agreed-upon binding arbitration provisions, and the venue for these claims necessarily must be deferred to an arbitration process. Accordingly, these claims should be dismissed under either or both Rules 12(b)(3) or 12(b)(6).

## II. PANORAMIC'S CLAIMS BASED ON DEFECTIVE OR NON-EXISTENT COPYRIGHT REGISTRATIONS ARE BARRED

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001), citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). In regard to the first element, ownership of a valid copyright, a plaintiff must plead and prove that it owns a valid and subsisting copyright registration issued by the Copyright Office prior to instituting a suit for copyright infringement. *See* 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241-42, 1247 (2010) (holding that Section 411(a) of the Copyright Act imposes a non-jurisdictional requirement of copyright registration as "a precondition to filing a claim," which a plaintiff must satisfy before filing an infringement claim); *Marketing Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122(LMM), 2010 WL 2034404, at *5-6 (S.D.N.Y. May 18, 2010) (holding that the "language of 17 U.S.C. § 411(a) is clear" requiring that a plaintiff must establish registration as an element of liability on an infringement claim).

The registrations referenced by Panoramic fail that first, fundamental requirement either because the listed registrations are defective with regard to the pleaded photo, or because there simply is no registration that has been issued for the pleaded photo. As a result, the claims based on these eight photos should be dismissed.

### A. Improperly Pleaded Group Copyright Registrations Cannot Support Panoramic's Claims

Section 409 of the Copyright Act mandates that all copyright registrations must identify the author and title of any work that is the subject of the registration. *See* 17 U.S.C. § 409(2), (6). The three compilation registrations referenced by Panoramic in its claim chart do not satisfy

this requirement with regard to six of the photos in suit. Specifically, these registrations – VA841-131, VA957-800, and VA1-002-221 – provide only a partial list with just three names of the photographers whose photos are allegedly encompassed by each registration, and following each set of three names, there is a reference to the number of other photographers involved, *i.e.*, "& 21 others" or "& 125 others," or simply a reference to "et al." (*See* Ex. B.) Only one of the photographers at issue in this case is actually identified by name on the compilation copyright registrations cited by the plaintiff. (*Compare* Compl., Ex. 1 *with* Ex. B.) These registrations include **no** identifying information that would link the photographers or photographs in this case to the particular compilation registrations. (*See* Ex. B.)

Courts in the Second and Ninth Circuits facing facts nearly identical to those presented here have held that for a compilation registration to be effective as to the individual component photographs created by different photographers, "the Copyright Act mandates that the copyright registrations at issue here contain the names of **all** the authors of the work." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 94-95 (S.D.N.Y. 2010) (emphasis added) (dismissing copyright infringement claims based on similar faulty registrations), *reconsideration denied in relevant part*, No. 09 Civ. 2669(LAP), 2010 WL 3958841 (S.D.N.Y. Sept. 27, 2010); *see also Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g. Co.*, No. 3:09 Civ. 0061(HRH), 2010 WL 3785720, at *2-4 (D. Alaska Sept. 21, 2010) (finding that where plaintiff did not register the copyrights in the individual images, it cannot maintain an action for the infringement of those images); *Bean v. John Wiley & Sons, Inc.*, No. 11 Civ. 8028(PCT)(FJM), 2011 WL 3348959, at *3 (D. Ariz. Aug 3, 2011) (where plaintiff "failed to provide the titles of the individual photographs, the names of the all of the authors, and the connection between individual author and photograph… claims for infringement failed as a

matter of law"); *Bean v. Houghton Mifflin Harcourt Publ'g. Co.*, No. 10 Civ. 8034(PCT)(DCG), 2010 WL 3168624, at *3-4 (D. Ariz. Aug. 10, 2010) ("[C]ompilation registrations, although valid for purposes of copyrighting the compilations themselves, did not copyright the individual photographs within the compilations. As a result, none of the ... images at issue in this case is properly registered under the Copyright Act."); *Bean v. Pearson Educ., Inc.*, No. CV-11-8030-PCT-PGR, 2011 WL 1882367, at *3 (D. Ariz. May 17, 2011) (same).

As these cases recognize, copyright registrations of groups of photos must list each of the constituent photographers to properly serve the public notice function of the registration, that is, to notify the world as to the author's claim of copyright ownership as to each of the individual works that comprise the compilation. The compilation registrations cited by Panoramic here do not meet this requirement. (*See* Ex. B.) Panoramic thus lacks the valid copyright registrations necessary for maintaining its claims of direct and contributory copyright infringement with regard to the six Images allegedly covered by the three compilation registrations cited by Panoramic, and as a result, those claims should be dismissed. *See Muench Photography*, 712 F. Supp. 2d at 95 ("The Court's ruling, although a seemingly harsh result for [plaintiff], is guided by the clear language of the Copyright Act.").

  B. <u>Pending Registrations are Not Valid for the Purposes of Copyright Litigation</u>

As noted above, a valid copyright registration is a necessary precondition to instituting a suit for copyright infringement. *See Reed Elsevier*, 130 S. Ct. at 1241-42, 1247. In that context, a pending application for copyright registration – which is all Panoramic references for nine Images – does not, and cannot, fulfill this precondition.

In *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004), Judge Posner explained that the "significance of registration is that it is a ***prerequisite*** to a suit to enforce a copyright. More

precisely, an application to register must be filed, and either granted or refused, before suit can be brought. 17 U.S.C. § 411(a)." (emphasis added). Judge Posner did raise the "interesting question" as to whether a registration granted by mistake could suffice for the purposes of suit, but notably never considered the possibility that mere pending applications, of the type proffered by Panoramic here, would be satisfactory. Nor did the Seventh Circuit entertain this possibility in *Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749 (7th Cir. 2006), where it noted, without deliberation or controversy, that "[r]egistration is not a condition of copyright protection, but is necessary before an infringement suit may be filed in court." *Id.* at 753 n. 1; *see also Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir. 2000) (registration "is a precondition to a suit for copyright infringement"); *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125, 126-27 (7th Cir. 2006) ("[T]he statute makes registration or preregistration necessary. That's all there is to it.").[7]

In particular, this court has also concluded that "the mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered prior to the initiation of an infringement action." *TriTeq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10 Civ. 1304, 2012 WL 394229 (N.D. Ill. Feb. 1, 2012). The recent TriTeq decision relied on Gaiman for its finding, and dismissed the copyright infringement claim for not properly pleading registration. *Id.*; *Markovitz v. Camiros, Ltd.*, No. 02 Civ. 9403, 2003 WL 21517364, at *2 (N.D. Ill. June 30, 2003) ("The failure to obtain copyright registration bars a plaintiff from bringing suit under the Copyright Act."); *see also Telebrands*

---

[7] In a subsequent decision in the *Brooks-Ngwenya* case, the Seventh Circuit acknowledged that there is a circuit split regarding whether a mere application, with no action from the Copyright Office, is sufficient to meet Section 411(a). *See Brooks–Ngwenya v. Indianapolis Public Schools*, 564 F.3d 804, 806 (7th Cir. 2009). However, the Circuit did not retract its decision in *Gaiman*, and that holding remains the binding law in this Circuit, requiring a valid, subsisting copyright registration as a prerequisite to suit. *See TriTeq Lock & Sec. LLC v. Innovative Secured Solutions, LLC,* No. 10 Civ. 1304, 2012 WL 394229 (N.D. Ill. Feb. 1, 2012).

{00589162;v4}            12

*Corp. v. Exceptional Products Inc.*, No. 11- Civ. 2252, 2011 WL 6029402, at *3 (D.N.J. Dec. 5, 2011) ("[A] party may not state a prima facie case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S .C. § 411(a).").

Indeed, a large number of other courts also require that a valid and subsisting registration – not a pending application – must preface a suit for copyright infringement. *See North Jersey Media Group Inc. v. Sasson*, No. 2:12 Civ. 3568(WJM), 2013 WL 74237 (D.N.J. Jan. 4, 2013) (dismissing copyright claim based on lack of issued registration); *Drum Major Music Enter. Inc. v. Young money*, No. 11 Civ.1980 (LBS), 2012 WL 423350, at *5 (S.D.N.Y. Feb. 7, 2012) (same); *Patrick Collins, Inc. v. Does 1-26*, No. 11 Civ. 7247, 2011 WL 6934105 (E.D. Pa. Dec. 30, 2011) (same); *A to Z Machining Serv., LLC v. Nat'l Storm Shelter, LLC*, No. CIV-10-422-C, 2011 WL 6888543, at *6-7 (W.D. Okla. Dec. 29, 2011); *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*, No. 09-1098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010) (same); *see also La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005) (copyright was not registered, as required to bring infringement action, until Copyright Office actually approved or rejected application), *abrogated on other grounds by Reed Elsevier*, 130 S. Ct. 1237; *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) (holding the registration requirement is a prerequisite to suit); *Jennette v. U.S.*, 77 Fed. Cl. 126, 131 (2007) (same); *Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362, 370 (D. Md. 2005) (same).

That conclusion is appropriate here, and any infringement claims based on the eight Images with pending copyright applications must be dismissed accordingly – a pending application simply does not meet the requirements of 17 U.S.C. § 411(a).

## CONCLUSION

For the foregoing reasons, the eight claims arising from Getty invoices should be dismissed in favor of arbitration, and eight of the remaining claims premised on defective or unissued copyright registrations should be dismissed for failure to meet the requirements of the Copyright Act.[8]

---

[8] The plaintiff's claims in Exhibit 1 that are subject to dismissal as follows:

|  | Defective group registration | Pending application | Arbitration clause |
|---|---|---|---|
| Row 2 | √ | | |
| Row 4 | | √ | |
| Row 5 | √ | | |
| Row 6 | √ | | |
| Row 7 | | √ | |
| Row 8 | | √ | |
| Row 11 | | √ | |
| Row 12 | √ | | √ |
| Row 13 | √ | | √ |
| Row 14 | | √ | √ |
| Row 15 | | √ | |
| Row 16 | | √ | √ |
| Row 17 | | √ | √ |
| Row 18 | √ | | √ |
| Row 19 | | √ | √ |
| Row 20 | | | √ |

Dated: January 22, 2013         Respectfully submitted,

                                        LEVINE SULLIVAN KOCH & SCHULZ, LLP

                                        By: */s Christopher P. Beall*

                                            Christopher P. Beall
                                            321 West 44th Street, Suite 1000
                                            New York, NY 10036
                                            Tel. (212) 850-6109
                                            Fax. (212) 850-6299
                                            cbeall@lskslaw.com

                                            William McGrath
                                            Davis McGrath LLC
                                            125 South Wacker Drive
                                            Chicago, Illinois 60606
                                            (T): (312) 332-3033
                                            (F): (312) 332-6376
                                            wmcgrath@davismcgrath.com

                                            *Attorneys for John Wiley & Sons, Inc.*

## **CERTIFICATE OF SERVICE**

     I, Christopher P. Beall, an attorney and counsel of record for Defendant The McGraw-Hill Companies, Inc., certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will send automated notification of this filing to all parties of record on this date.


Dated: January 22, 2013                                                        By: */s Christopher P. Beall*